IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | CASE NO.: 1:05-CR-5-001 (WLS) |
| BRYANT KEITH FLOYD, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Pending before the Court is the Government's Amended Petition for Warrant or Summons for Offender Under Supervision (Doc. 126). On September 2, 2005, the Court sentenced Defendant to 161 months imprisonment, to be served consecutively to a sentence he was serving in Sumter County Jail, followed by five years of supervised release for distribution of more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii). (Doc. 63.) As a result of two sentence reductions due to retroactive sentencing guideline changes, Defendant's term of incarceration was shortened to 74 months imprisonment. (Docs. 109 & 113.) Defendant's period of supervised release began on March 21, 2013. (Doc. 115.)

The Government's Amended Petition recommends the revocation of Defendant's term of supervised release based on the following: Violation No. 1 alleges that Defendant failed to refrain from violation of the law, in violation of the mandatory condition of supervision, by committing the offenses of Possession of Marijuana with Intent to Distribute and Theft by Receiving in Houston County, Georgia, on November 6, 2013; Violation No. 2 alleges that Defendant failed to refrain from violation of the law, in violation of the mandatory condition of supervision, by committing the offenses of Obstruction of an Officer, Littering, and Allowing an Unlicensed Person to Drive in Monroe County, Georgia; Violation No. 3 alleges that Defendant failed to refrain from violation of the law, in violation of the mandatory condition of supervision, by

1

committing the offenses of Driving While Unlicensed, a Seat Belt Violation, and Speeding in Houston County, Georgia; Violation No. 4 alleges that Defendant violated a mandatory condition of supervision by possessing or using a controlled substance; Violation No. 5 alleges that Defendant violated a mandatory condition of supervision by unlawfully possessing a controlled substance as evidenced by his November 6, 2013 arrest in Houston County, Georgia; and Violation No. 6 alleges that Defendant failed to participate in an approved substance abuse treatment program in violation of the special condition of supervision.  (*Id.* at 1-2.)

At the revocation hearing held on April 24, 2014, the Government withdrew Violation Nos. 2 & 3, and Defendant stipulated to Violation Nos. 4 & 6.  Because Defendant denied Violation Nos. 1 & 5, the Government presented evidence.  Officer Jeff McCommun testified that a search warrant was executed at 102 Madrid Street, Apartment 7, Warner Robbins, Georgia, on November 6, 2013.  Officer McCommun was positioned at the back of the residence in the event that any individuals were to attempt to flee while officers executed a no-knock warrant at the front of the residence.  Defendant and two other individuals ran out of the back door of the apartment and surrendered to Officer McCommun.  A quantity of marijuana and paraphernalia were found inside.  Defendant had approximately $90 in cash on his person at that time.  None of the individuals explicitly admitted to possessing the marijuana, and no individual identified Defendant as the possessor.  Fingerprints lifted from contraband, if collected, were not analyzed.

The Court may revoke a term of supervised release if violation of a condition of supervised release is demonstrated by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3).  "A preponderance of the evidence simply requires the factfinder to believe that the existence of the fact is more probable than its nonexistence."  *United States v. Manning*, No. 13-12294, 2014 WL 184473, *2 (11th Cir. Jan. 17, 2014) (citing *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004)).  As stated by the Court at the revocation hearing, the Court finds that the Government did not meet its burden of demonstrating Violation Nos. 1 & 5 by a preponderance of the evidence.  Mere presence at a location

where drugs are located is insufficient to establish a person's guilt as to possession of those drugs.  *See United States v. Jackson*, No. 13-13056, 2014 WL 905390, *3 (11th Cir. Mar. 10, 2014) (citing *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011)).  Because the only evidence of Defendant's guilt as to Violation Nos. 1 & 5 was his presence, the Court finds that the Government failed to meet its burden by a preponderance of the evidence as to those violations.  Based on Defendant's stipulation to Violation Nos. 4 & 6, both of which are Class C violations, the Court revoked Defendant's supervised release, sentenced him to time served, and ordered that Defendant report to a residential drug rehabilitation facility and continue to serve his original term of supervised release without further extension.  *See* U.S.S.G. § 7B1.3(c).

For all of the above reasons, the Government's Amended Petition for Warrant or Summons for Offender Under Supervision (Doc. 126) is **GRANTED-IN-PART and DENIED-IN-PART**, and Defendant's term of supervised release is hereby **REVOKED.**

**SO ORDERED**, this  30th   day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

3